IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  06-cv-02163-RPM-CBS

JAMES H. ALEXANDER,

     Plaintiff,

v.

WORLD AM, INC.,

     Defendant.

---

ORDER DENYING MOTION TO TRANSFER VENUE

---

     In this action, the plaintiff, James H. Alexander, has brought a claim for a breach of contract and for a claim under the Colorado Wage Claim Act, C.R.S. § 8-4-109(3), alleging that he was employed by World Am Communications, Inc., a Florida corporation with its principal place of business in Colorado, under an employment contract entered into on February 20, 2002, and amended in September, 2002, and January, 2004.  In his complaint, the plaintiff alleges that World Am, Inc., is a Nevada corporation with its principal place of business in California and that it is the successor to the obligations of World Am Communications, Inc.

     World Am, Inc., has filed a motion to transfer venue of this civil action to the United States District Court for the Central District of California because a Share Exchange Agreement entered into as of June 10, 2005, between World Am, Inc., a Nevada corporation, and Senz-It, Inc., a California corporation, and its shareholders, contained a forum selection clause providing for all litigation in connection with that

agreement or the transactions contemplated in it may be brought only in Orange County, California.

The defendant has filed counterclaims in this case, based on alleged breaches of fiduciary duties to World Am, Inc., and failures to make disclosures in the subject agreement. The position of the defendant is that its liability to the plaintiff for any breaches of his employment agreement with World Am Communications, Inc., arise only as a result of the Share Exchange Agreement containing the forum selection clause. Accordingly, although James H. Alexander was not a party to that agreement, this dispute is said to arise out of it. The subject Share Exchange Agreement is described a reverse merger by which World Am, Inc., acquired the shares of Senz-It whose shareholders then acquired the controlling interest in World Am, Inc. As pointed out in the plaintiff's surreply, which is accepted for filing, counsel for the defendant overlooked the fact that World Am, Inc., is the successor corporation to World Am Communications, Inc., and the Share Exchange Agreement was with World Am, Inc., the Nevada corporation. The obligation to perform the employment agreement with World Am Communications, Inc., a Florida corporation, by World Am, Inc., a Nevada corporation, does not arise as a result of the Share Exchange Agreement. The forum selection clause therefore has no applicability.

The defendant has not made the case for a transfer for other reasons under 28 U.S.C. § 1404(a). Accordingly, it is

ORDERED that the defendant's motion to transfer venue is denied.

Dated: April 4th, 2007

                                              BY THE COURT:
                                              s/Richard P. Matsch
                                              _____
                                              Richard P. Matsch, Senior District Judge